621 F.2d 594
 WEBB, William, Individually and Webb, William t/a Webb's
Cash and Carry and B. F. T. Wholesale, Inc., Appellants,
v.
BERGLAND, Bob, Secretary of Agriculture, Department of
Agriculture and United States of America.
 No. 79-1951.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) May 20, 1980.
Decided May 29, 1980.
 
 Alan F. Markovitz, Jed Abramowitz, Markovitz, Brooks & Cantor, Philadelphia, Pa., for appellants.
 Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Div., Gary Tilles, Asst. U. S. Atty., Deputy Chief, Civ. Div., Philadelphia, Pa., for appellees.
 Before ADAMS, VAN DUSEN and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting summary judgment for the defendants. The district court held that because more than fifty percent of the plaintiffs' food sales consisted of candy and soft drinks, they were not eligible to participate in the United States Department of Agriculture's food stamp program. Inasmuch as we conclude that the district court did not err in applying the pertinent statute, 7 U.S.C. § 2023 (Supp. II 1978), and regulations, 7 C.F.R. §§ 271.2 & 278.1 (1979), we affirm.
 
 I.
 
 2
 Plaintiffs are food wholesalers who at one time were authorized to participate in the food stamp program. On January 30, 1978, they were notified by the Food and Nutrition ServicesS of the Department of Agriculture that their authorization was being withdrawn because they did not sell a sufficient percentage of staple food products to authorized retailers. The Administrative Review Staff sustained the withdrawal. Thereafter, plaintiffs sued in the district court to prevent the defendants from withdrawing their authority to accept food stamps. The plaintiffs stipulated, however, that more than fifty percent of their food sales volume consisted of candy and soft drinks. The district court concluded that the plaintiffs did not meet the statutory requirement that at least fifty percent of the sales of a wholesale food store must be of staple foods and accordingly entered summary judgment in favor of the defendants.
 
 
 3
 On appeal, the plaintiffs contend that the staple foods requirement is not applicable to wholesale food suppliers, and that the Department failed to evaluate the other criteria applicable to food stamp participants.
 
 II.
 
 4
 The regulations issued pursuant to the Food Stamp Act of 1977, Pub.L. 95-113, § 1301, 91 Stat. 974, provide that, in determining whether an applicant's participation will further the purpose of the program, the FNS officer shall consider "(t)he nature and extent of the food business conducted by the applicant." 7 C.F.R. § 278.1(b)(1) (1979). Subsection 278.1(b)(iii) provides:
 
 
 5
 Wholesale food concerns whose primary business is the sale of eligible food at wholesale, and in which one or more staple food items, as defined in § 271.2, make up more than fifty (50%) percent of eligible food sales, shall normally be considered to have adequate food business for the purposes of the program.
 
 
 6
 7 C.F.R. § 278.1(b)(1)(iii) (1979). Section 271.2 defines staple foods as
 
 
 7
 those food items intended for home preparation and consumption, which include meat, poultry, fish, bread & breadstuffs, cereals, vegetable juices and dairy products. Accessory food items, such as coffee, tea, cocoa, carbonated and uncarbonated drinks, candy, condiments and spices are not staple foods for the purpose of qualifying a firm to participate in the program as a retail food store.
 
 
 8
 7 C.F.R. § 271.2 (1979).
 
 
 9
 Despite this language, the plaintiffs argue that § 271.2 applies only to retail food stores. Although § 271.2 itself does not specifically mention wholesale stores, the reference in § 278.1 to § 271.2 for the definition of staple foods applicable to wholesalers indicates that the definition of staple foods is identical for both types of food purveyors. Any other construction would necessarily eliminate the staple food requirement set out in § 278.1.
 
 
 10
 Plaintiffs next urge that, even if wholesale operations come within the terms of § 271.2, the Secretary, in deciding to terminate their eligibility, should have considered other factors in addition to the nature of their business. Specifically, plaintiffs point to the regulations directing the FNS officer to consider the volume of coupon business, the business integrity of the applicant, and any other pertinent factors. 7 C.F.R. § 278.1(b) (1979). These criteria must be read, however, in light of the purposes of the program to raise levels of nutrition and to eliminate hunger and malnutrition. 7 U.S.C. § 2011 (Supp. II 1978). Thus, the quality and character of the food sold in exchange for food stamp coupons is pertinent to the determination whether a participant furthers these ends. The additional factors mentioned by the plaintiffs are relevant only if the participant meets the threshold test of providing a sufficient percentage of staple foods. Having failed to meet that criterion, plaintiffs cannot now justify their participation by pointing to secondary factors that the Secretary may have failed to consider.
 
 
 11
 Finally, plaintiffs assert that the Secretary's decision is invalid because it was based on the 1964 Food Stamp Act and therefore cannot now be upheld under the 1977 Act. The Secretary did not abuse his discretion by initially applying the Regulations under the 1964 Act to the plaintiffs' business. Under the 1977 Act, existing regulations remain in effect until otherwise amended or modified. P.L. 95-113, § 1303(a), 91 Stat. 979 (1977). Moreover, the Administrative Review Staff evaluated the plaintiffs' eligibility under the regulations promulgated under the 1977 Act. And, it was this determination that was reviewed by the district court. Plaintiffs' argument that agency action may be upheld on review only in accordance with the criteria used by the agency therefore is inapposite.
 
 
 12
 The judgment of the district court accordingly will be affirmed.